JAMES B. MATNEY, Defendant in Error, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Plaintiff in Error.

### Kansas City Court of Appeals, May 2, 1898.

1. **Carriers:** INJURY TO LIVE STOCK: DAMAGES: EVIDENCE. The measure of damages for injuries to live stock during its carriage is the difference in value of the stock at its destination in its injured condition and in an uninjured condition; and evidence tending to show the expense of putting the stock in a marketable condition is admissible as throwing light upon its condition at the time of its arrival.

2 ———: ———: INSTRUCTIONS: ISSUES. Instructions should be confined to the issues made by the pleadings and should not be allowed to build up false issues.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

BROWN & DOLMAN for plaintiff in error.

(1) Having been permitted to prove his damages according to the proper measure, as laid down in the court's instructions, the difference in their market value before and after the injury, the admission of this

testimony simply enhanced the damages beyond the amount plaintiff was legitimately entitled to recover— doubled the damages—and further as to the damages to the brown mare and bay mare plaintiff should have been limited to the amount stated in his petition. Horton v. R'y, 83 Mo. 541; Coles v. Foley, 13 Mo. App. 249; Carter v. Shotwell, 42 Mo. App. 663; McManamee v. R'y, 135 Mo. 440. (2) The court erred in refusing to give to the jury instruction number 4 as requested by defendant. Gurley v. R'y, 93 Mo. 445; Waldheir v. R. R., 71 Mo. 514; Haynes v. Town of Trenton, 108 Mo. 123.

JAMES C. DAVIS and BENJAMIN PHILLIP for respondent.

(1) Instructions should be based upon the issues made by the pleadings and the evidence offered in support thereof. It is error to submit to the jury an issue of fact not tendered by the pleading. Wright v. Fonda, 44 Mo. App. 634; Woods v. Campbell, 110 Mo. 572; Houghland v. Dent, 52 Mo. App. 237. And, even though instructions are warranted by the evidence, it is good ground for a refusal of them if they are not based upon an issue made by the pleadings in the case. Matson v. Frazer, 48 Mo. App. 302. (2) The second error assigned is that the court erred in permitting plaintiff to testify that he paid $200 to feed and water his horses after they arrived at Colorado Springs. The trouble with this assignment of error is that it is not sustained by the record. The court did not permit a double recovery, it did not permit a recovery of a difference in the market prices of the horses before and after the injury, and in addition the $200 expended by plaintiff to feed and doctor his horses.

GILL, J.—Plaintiff sued the defendant for damages because of its alleged negligence in carrying a car load of horses from Edgerton, Missouri, to Colorado Springs, Colorado. The particular acts complained of were, *first*, that the car of horses was negligently delayed in transit, being kept for about eighteen hours on a side track at Fairbury, Nebraska, and, *secondly*, that at Horton, Kansas, the car was so negligently handled in switching at that point that the horses were thrown down and several, if not all, badly injured. At the close of the evidence the court by instruction took from the jury the charge of unreasonable delay at Fairbury because unsupported by the evidence, and the case was submitted on the sole ground of negligently handling the car at Horton.

Plaintiff had judgment below for $372.50 and defendant brought the case here by writ of error.

A careful inspection of the record and briefs fails to disclose any substantial reason for reversing the judgment. Two errors only are assigned, and these we shall briefly notice.

The *first* is that the trial court erroneously permitted the plaintiff, over defendant's objection, to testify that he was compelled to and did pay out about $200 for feeding and doctoring his crippled horses after they arrived at Colorado Springs before he could get them into saleable condition. It is insisted

CARRIERS: injury to live stock: damages: evidence.

that this injected into the measure of damages an element which should not have been considered; that the true measure of damages was, as the court declared, the difference in market value of the horses at Colorado Springs as they would have been if they had not been injured and what was their actual value when they arrived in their damaged condition.

The admission of this testimony was not error. Its purpose was not to *add* to the legal measure of damages, as is counsel's .contention, but it served to advise the jury as to one element in fixing the correct measure, that is what was the value of the car load of horses when they arrived at their destination in their then crippled condition.    Plaintiff had already testified that the horses had been thrown down in the car, maimed, bruised, one having lost an eye, etc., and that when they arrived at Colorado Springs they were in such a bad condition as to be unsaleable; that he was compelled to keep the horses on hand, feed and doctor them for about two months in order to restore them to a marketable condition, and that even then was forced to sell them at reduced prices.    The jury had been informed by the plaintiff and other witnesses what the value of the horses would have been if uninjured when they arrived at Colorado Springs, and further as to what they were worth and sold for after they had been fed and doctored for two months.    But the question was what was the reasonable value *when they arrived*, not two months afterward.    This value, the jury might reasonably conclude, was what they were worth after being fed and treated *less* the cost of such doctoring and feeding.

The second objection relates to the court's action in refusing defendant's fourth instruction which sought to tell the jury that there could be no recovery for any defect in the condition of the car in which

——: ——: instruc-
tions: issues.
plaintiff's horses were carried.    The court properly declined to give this instruction. In the first place there was no such issue raised in the pleadings; and though there was some testimony in relation to some imperfect troughs used in the car, yet almost the whole of this evidence was brought out by defendant in the cross-examination of witnesses.    Such

evidence was immaterial to the issues presented by the petition and answer, and it will not be allowed the defendant thus to build up false issues and then go to the jury thereon. Besides there was no use for such an instruction since the court by plaintiff's second instruction had practically excluded the defects in the trough as an element of damage and confined them to the proper measure of damages. They were told, that if they found for the plaintiff "then the measure of damages is the difference between the market price of the horses mentioned in the evidence at Colorado Springs, Colorado, at the date they arrived there in the condition they were then in and what they would have been worth in the market at said place and time had they not been so injured, if you believe they were injured by the defendant in the manner stated in instruction number 1 given on behalf of plaintiff," etc. Judgment affirmed. All concur.